UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHRISTOPHER BRYAN HANEY,

           Plaintiff,                        Case No. 1:21-cv-56

v.                                                  Hon. Hala Y. Jarbou

MICHAEL R. HONEYWELL, et al.,

           Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Jackson County, Michigan. Plaintiff is serving sentences imposed following his conviction of crimes in Eaton

County, Barry County, and Ionia County. Plaintiff entered a plea of guilty in the Eaton County Circuit Court to one count of larceny $1,000 or more, but less than $20,000. He was sentenced as a fourth habitual offender to 2 to 20 years' imprisonment. Plaintiff enterd a plea of *nolo contendere* in the Barry County Circuit Court to larceny of a firearm, felon in possession of a firearm, and first-degree home invasion. He was sentenced as a third habitual offender to 5 to 10 years' imprisonment for larceny and felon-in-possession, and 18 years, 1 month, to 40 years' imprisonment for home invasion. Plaintiff entered a guilty plea in the Ionia County Circuit Court to receiving and concealing stolen property $1,000 or more, but less than $20,000. He was sentenced to 2 years, 5 months, to 5 years' imprisonment. It appears that Plaintiff's sentences are all concurrent.

Plaintiff sues his initial defense counsel in the Ionia County proceedings, Michael R. Honeywell, his defense counsel in the Barry County proceedings, Jackie Baker Sturgis, and the officers involved in investigating the alleged crimes and interviewing him in connection with all three proceedings: Detectives Chelsea Kasul and Jason Pattok, Deputy Sheriff Don Willgus, and Detective Sergeant Kandyce Herr. Plaintiff claims that all of these Defendants participated in the violation of Plaintiff's constitutional rights in connection with the three criminal prosecutions. Essentially, Plaintiff claims that Attorney Honeywell encouraged Plaintiff to provide information to officers in all three counties to facilitate a favorable plea bargain in Ionia. Plaintiff did so. Early in the proceedings, Attorney Honeywell was suspended from the practice of law. Ultimately, Plaintiff was prosecuted and forced to accept unfavorable plea bargains in all three counties. Plaintiff attributes the unfavorable results to his provision of incriminating information without adequate plea bargain assurances beforehand.

Plaintiff asks the court to order that all of the evidence gained by way of Plaintiff's improvident cooperation is tainted and inadmissible and to order the Barry County Circuit Court to allow Plaintiff to withdraw his plea.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

3

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff alleges violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments.

### III. Heck v. Humphrey

Although Plaintiff raises his claim under 42 U.S.C. § 1983, he is effectively challenging his incarceration by the State of Michigan. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23–24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

Moreover, to the extent Plaintiff seeks injunctive, declaratory, and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck*, 512 U.S. at 486–87, which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction*

*or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot state a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646–48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189–90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

Plaintiff's factual allegations plainly call into question the constitutionality of his convictions. Accordingly, they are barred by *Heck* until his convictions have been overturned. Plaintiff's claims are properly brought by way of a habeas corpus petition after he has exhausted his state court remedies.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same). However, such a dismissal should be without prejudice. *Sampson v. Garrett*, 917 F.3d 880, 882–83 (6th Cir. 2019) (citing *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1289 (6th Cir. 1992)).

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   April 19, 2021                           /s/ Hala Y. Jarbou
                                                  HALA Y. JARBOU
                                                  UNITED STATES DISTRICT JUDGE